IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 5:18-cr-00002 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| JOSE MIRAMONTES FLORES | ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Defendant Jose Miramontes Flores pled guilty to possession with intent to distribute 500 grams or more of cocaine. On August 27, 2018, the court sentenced him to a prison term of sixty-five months. Now before the court is Flores' pro se motion to reduce his sentence pursuant to the First Step Act of 2018. In his motion, Flores cites Sections 401, 402, 404, and 601 of the First Step Act.[1] None of these statutory provisions afford Flores any relief. Therefore, Flores' motion will be denied.

Section 401 revised the type of prior convictions that triggered increased penalties under 21 U.S.C. § 841(b)(1)(A) and (B). *See* Pub. L. No. 115-391, § 401(a). Section 401 and the "amendments made by this section" apply retroactively to any offense committed before the First Step Act's enactment date only if "a sentence for the offense has not been imposed as of such date of enactment." *Id.* § 401(c). The First Step Act was enacted on December 21, 2018, and Flores was sentenced prior to that on August 27, 2018. Therefore, Section 401 does not apply to Flores. *See United States v. Garcia*, Case No. 6:05-cr-00006-1, 2019 WL 4039638, at *1 (W.D. Va. Aug. 27, 2019).

---

[1] Flores previously moved for relief pursuant to Sections 602 and 603. The court denied this motion on July 17, 2019. (Dkt. No. 63.)

1

Section 402 amended the "safety valve" provision in 18 U.S.C. § 3553(f), which allows a court to impose a sentence below the statutory minimum if the defendant meets the requirements in § 3553(f). This amendment applies "only to a conviction entered on or after the date of enactment of this Act." Pub. L. No. 115-391, § 402(b). As noted above, Flores was convicted before the enactment of the First Step Act in December 2018. *See Garcia*, 2019 WL 4039638, at *2. Therefore, Section 402 also is inapplicable to Flores.

Section 404 made retroactive some provisions of the Fair Sentencing Act. Pub. L. No. 115-391, § 404. The Fair Sentencing Act, Pub. L. No. 111-220 (2010), was designed to "alleviate the severe sentencing disparity between crack and powder cocaine." *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016). Section 404 of the First Step Act provides that the court may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." Pub. L. 115-391, § 404(b). The Fair Sentencing Act, even if in effect at the time of Flores' offense, would not have changed his sentence because he was convicted possession with intent to distribute powder cocaine, not crack cocaine. *See United States v. Majors*, 376 F. Supp. 3d 806, 808 (M.D. Tenn. 2019) ("Because the First Step Act enlarges only the date of the Fair Sentencing Act's coverage but does not change the 'covered offenses,' crimes involving powder cocaine are not within its ambit.").

Finally, Section 601 relates to the Bureau of Prisons' (BOP) authority to designate the place of the prisoner's imprisonment. *See* 18 U.S.C. 3621(b). The Act amends 3621(b) to require the BOP, after consideration of factors such as bed availability, security designation, the court's recommendation, medical and mental health needs, and faith-based needs, to "place the prisoner in a facility as close as practicable to the prisoner's primary residence, and to the extent practicable, in a facility within 500 driving miles of that residence." Pub. L. 115-391, § 601.

Section 601 also added language that "[n]otwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court." *Id.* This section accordingly offers no relief to Flores. *See United States v. Tovar-Zamorano*, Case No. 16-20052-JAR, 2019 WL 2005918, at *2 (D. Kan. May 7, 2019) ("Section 601 of the Act does not divest the BOP of its statutory discretion to determine the location of an inmate's imprisonment, and this Court does not have the authority to compel the BOP to make any retroactive placement decisions.").

For the above stated reasons, Flores' motion for reduction of sentence (Dkt. No. 64) is DENIED.

Entered: September 19, 2019.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge